ORTIQUE, Justice,
dissenting with reasons.
I respectfully dissent. While granting writ of certiorari is a discretionary right of this court, it is my opinion that this court abused its discretion in denying writ because the court of appeal erroneously interpreted the laws of this state and maintaining its decision will cause material injustice to relator. La. Rules of the Supreme Court, Rule X, § 1(a)(4). It is axiomatic in Louisiana law that a lessee cannot gain ownership of rental property through acquisitive prescription while the lessee is paying rent to his lessor because the lessee is not an adverse possessor, but rather a precarious possessor of the rental property. The decision of the court of appeal permits a lessee who rented property from his aunt to gain ownership over a portion of that property, through thirty year acquisitive prescription, while paying her rent[1] annually on the entire rental property for forty-four years. Thus, the circumstances of this case fully warrant our granting supervisory writ.
A lessor possesses through his lessee because possession may be exercised by another who holds the thing for the possessor in the possessor’s name. LSA-C.C. art. 3429. Possession continues as long as it is not abandoned and as long as the possessor is not evicted by an adverse possessor. LSA-C.C. art. 3433, comment b. Consequently, Alice Harmon maintained continuous possession of her eleven acre tract of land (until 1989) through her lessee, the nephew, Morris Harmon.
A lessee possesses for the lessor. LSA-C.C. art. 3477, comment c. See also LSA-C.C. art. 3429. He is a precarious possessor because he exercises possession over the thing with the permission of or on behalf of the owner. LSA-C.C. art. 3437 (accord former articles 3488 and 3490). Thus, a precarious possessor such as a lessee or a depositary, “is presumed to possess for another although he may intend to possess for himself.” LSA-C.C. art. 3477, comment b, citing art. 3438. For a precarious possessor such as a lessee to commence prescribing for himself, he must give “actual notice to the person on whose behalf he is possessing that he intends to possess for himself.” LSA-C.C. art. 3478 (see former article 3512*); LSA-C.C. art. 3439. To commence possession for *169 himself, the lessee must give actual notice to the lessor and “manifest his intention to possess as owner by overt and unambiguous acts.” LSA-C.C. art. 3439, comment b. He must usurp possession. Id.
While paying rent, Morris Harmon was not an adverse possessor of any or all of Alice Harmon’s eleven acre tract. He could not possess all or part of the tract for himself because he was possessing it for and on behalf of his lessor. He precariously possessed and paid rent on all eleven acres from 1951 through 1989. Those rental payments are ipso facto evidence that he was possessing for and on behalf of Alice Harmon and had not given her actual notice of his subjective intent to possess as owner. Each installment of rent was an acknowledgment that Aunt Alice was owner and a manifestation of her exclusive right of title and ownership, by Nephew Morris, whose pleasure of occupancy was derived solely from the lease between aunt and nephew!
Acquisitive prescription does not run in favor of a precarious possessor. LSA-C.C. art. 3477 (see former article 3510[2]). Therefore, Morris Harmon did not acquire any portion of his lessor’s tract by thirty year acquisitive prescription because, before 1989, did not possess it for himself. He precariously possessed the property for and on behalf of Alice Harmon.
The legal principles in our Civil Code are applicable to all. They should be applied as written. LSA-C.C. art. 9. Our courts should not discriminate in applying public laws. Therefore, it is my opinion that the judgment of the court of appeal should be vacated and the judgment of the trial court reinstated.

. Article 3512 of the La.Civ.C. of 1870 provided as follows:
Art. 3512 Notwithstanding what is said in the two preceding articles, precarious possessors and their heirs may prescribe when the cause of their possession is changed by the act of a third person; as if a farmer, for example, acquires from another the estate which he rent *169 ed. For if he refuses afterwards to pay the rent, if he declares to the lessor that he will no longer hold the estate under him, but that he chooses to enjoy it as his own, this will be a change of possession by external act, which shall suffice to give a beginning to the prescription.

. Article 3510 of the La.Civ.C. of 1870 provided as follows:
Art. 3510 Those who possess for others and not in their own name, can not prescribe, whatever may be the time of their possession.
Thus, farmers, tenants, depositaries, usufruc-tuaries and all those generally who hold by a precarious tenure and in the name of the owner, can not prescribe on the thing thus held.